Robert R. Kinas, Esq.
Nevada Bar No. 6019
Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
Charles E. Gianelloni
Nevada Bar No. 12747
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
       bgriffith@swlaw.com
       cgianelloni@swlaw.com
*Attorneys for Defendant Merrick Bank*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RON BOLAND and LINDA BOLAND,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK BANK,<br><br>Defendant. | Case No. 2:16-cv-02706-APG-GWF<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION** |

Defendant Merrick Bank ("Defendant" or "Merrick Bank") and Plaintiff Ron Boland ("Plaintiff" and together with Defendant, the "Parties"), by and through their respective counsel, for good cause showing, hereby stipulates and requests an order from the Court to stay discovery pending resolution of Defendant Merrick Bank's *Motion to Compel Arbitration of Linda Boland's Claims, and to Stay Ron Boland's Claims Pending that Arbitration* (ECF No. 15).

This Stipulation is based upon the following Memorandum of Points and Authorities, all papers filed with the Court, any documents incorporated by reference or subject to judicial notice, and any oral argument this Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Parties have conferred and agreed that discovery should be stayed pending the

4829-3161-9910

resolution of the Motion to Compel Arbitration.[1] This is the first request for a stay of discovery in this matter.

**Discovery Should be Stayed Based on the Pending Motion to Compel Arbitration.**

The trial court has wide discretion to control the conduct of pretrial discovery by any party to the action, and courts routinely stay pre-trial obligations, including merits discovery, when a motion to compel arbitration is pending before the court. *See Andrus v. D.R. Horton, Inc.,* 2012 WL 1971326 (D. Nev. June 1, 2012) (granting a motion to stay discovery pending ruling on a motion to compel arbitration); *Okada v. Nevada Prop.* 1, LLC, 2:14-CV-01601-LDG-NJK, ECF No. 57 2015 (D. Nev. November 21, 2014)(same); *see also Stiener v. Apple Computer, Inc.,* No. C 07-4486 SBA (N.D. Cal. Nov. 29, 2007); *Coneff v. AT&T Corp.,* 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.,* 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am.,* 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting stay of discovery pending resolution of motion to compel arbitration); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors,* 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.,* 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (noting that "[a]s is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court.").

Here, the Parties agree that discovery should be stayed while the Motion to Compel Arbitration is pending, as that issue should be decided before proceeding with discovery. In *CIGNA HealthCare of St. Louis, Inc. v. Kaiser,* the Seventh Circuit aptly explained that permitting discovery on the merits before "the issue of arbitrability is resolved puts the cart before the horse," because "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies

---

[1] Defendant filed a *Motion to Stay Discovery Pending Ruling on Motion to Compel Arbitration* ("Motion") (ECF No. 27.) The Court has set a hearing on this Motion for May 4, 2017. Upon the filing of this Stipulation, Defendant will withdraw the Motion to Stay Discovery and request that the Court vacate the hearing on May 4, 2017.

-2-

with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002); *see also Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (stating that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration.").

If the case proceeds to arbitration, then the arbitrator would be responsible for overseeing discovery in this case. Further, here, the issue of proceeding with discovery is further complicated because of the unfortunate passing of Mrs. Boland. At this time, Mrs. Boland's estate has not made an appearance in the case. This is another consideration which weighs in favor of staying discovery as it is not clear whether or not the estate will appear which directly impacts the scope of discovery. Finally, Merrick Bank has not yet filed an answer. While the Motion to Compel Arbitration is pending, Plaintiff's ability to conduct discovery is prejudiced because he cannot customize discovery to Defendant's answer. It is therefore likely that discovery would need to be extended, or that discovery already conducted would need to be reopened or supplemented after Defendant files an answer or Mrs. Boland's estate appears in the case. The Parties agree that if discovery proceeds while the Motion to Compel Arbitration is pending, it will be difficult to accomplish a "just, speedy and inexpensive determination" of the matter under Federal Rule of Civil Procedure Discovery for all Parties will be longer, more expensive, and less efficient.

## CONCLUSION

If discovery is not stayed pending resolution of the Motion to Compel Arbitration, the Parties will be forced to incur legal fees and costs for document production, discovery responses and deposition, all of which could be mooted if the Court grants the Motion to Compel Arbitration.

Such a result would be costly, inefficient, and potentially needless. The Parties therefore respectfully request that discovery be stayed pending resolution of the Motion. If the Court ultimately denies the Motion to Compel Arbitration, the Parties shall have fourteen days from that Order to file a revised discovery plan and scheduling order. Additionally, Defendant Merrick

4829-3161-9910

Bank will have fourteen days from that Order to respond to Plaintiff's written discovery requests that were previously served.

**IT IS SO STIPULATED.**

Dated: April 12, 2017.

SNELL & WILMER L.L.P.

By: /s/ Blakeley E. Griffith
Robert R. Kinas, Esq.
Blakeley E. Griffith, Esq.
Charles E. Gianelloni, Esq.
3883 Howard Hughes Pkwy., Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for Defendant Merrick Bank*

Dated: April 12, 2017.

HAINES & KRIEGER

By: /s/ David H. Krieger
David H. Krieger. Esq.
Rachel B. Saturn, Esq.
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Telephone: (702) 880-5554
Facsimile: (702) 385-5518
*Attorneys for Plaintiffs Ron Boland and Linda Boland*

## ORDER

Based on the above Stipulation of the Parties, and good cause appearing therefor:

IT IS HEREBY ORDERED that discovery is stayed pending the Court's resolution of the Motion to Compel Arbitration.

DATED this __13th__ day of __April__, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

- 4 -

4829-3161-9910